```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

DERRICK MCKINZIE,                    )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    No. 4:06CV994-DJS
                                     )
SHANNON CLUBBS, ANDREW FOX,          )
STEVE LARKIN, STEVE LONG,            )
IAN WALLACE, MAURINE TURNBOUGH,      )
and JEFF TERSCHLUSE,                 )
                                     )
          Defendants.                )

<u>ORDER</u>

Pursuant to 42 U.S.C. § 1983, pro se plaintiff, an inmate at Potosi Correctional Center ("PCC"), brings this action which stems from plaintiff's allegation that defendant Shannon Clubbs, a PCC Corrections Officer, pushed plaintiff down a flight of stairs. Plaintiff further alleges that defendant Clubbs's fellow correctional officers, defendants Andrew Fox and Maurine Turnbough, helped conceal Clubbs's actions. Defendant Jeff Terschluse investigated this incident and allegedly aided Clubbs, Fox, and Turnbough. Finally, plaintiff claims that defendants Steve Larkin and Ian Wallace, members of PCC's administration, and defendant Jeff Long, a member of the Missouri Department of Corrections' ("MDOC") central administration, failed to take corrective action after plaintiff informed them of this occurrence. Now pending before the Court are defendants' motion for summary judgment [Doc.

#42] and pro se plaintiff's motion for partial summary judgment [Doc. #45].

## Background

All matters set forth in a party's statement of uncontroverted material facts not specifically controverted by the opposing party are deemed admitted for the purpose of summary judgment. E.D.Mo. L.R. 7-4.01(E). The Court has observed the local rule as stated above and construed plaintiff's pro se filings liberally. With respect to each pending summary judgment motion, the facts have been viewed in the light most favorable to the non-movant. The Court makes the following findings of fact for the purpose of ruling on these motions.

Plaintiff was shot in the upper right hip prior to his incarceration and walks with the aid of a cane. Plaintiff was confined in administrative segregation on August 2 and 3, 2005. In plaintiff's housing wing, the cells are on two levels. To travel between the levels, inmates are taken down two flights of stairs consisting of twelve steps each. A concrete platform connects the two flights. The stairs are made of concrete with a metal framework. Between each pair of steps there is a narrow space because the framework does not extend the entire height of each step.

On August 3, 2007, defendant Fox escorted plaintiff down the stairs while plaintiff was in wrist restraints. Defendants

Clubbs and Turnbough assisted Fox at a distance close enough to provide aid. On the second flight of stairs, plaintiff fell from the platform to the seventh stair from the bottom. Defendant Fox called for medical assistance and plaintiff received treatment.

Plaintiff asserts he lost a tooth, has severe and constant back pain, and is on medication because of the fall. Plaintiff's medical records indicate that he "had fallen" and that he was "up ambulating with cane [without] difficulty" that same day. (Pl.'s Medical Records [Doc. 42-6] at 2, 7.)

On August 22, 2007, plaintiff filed an informal resolution request ("IRR") claiming that defendant Clubbs pushed him in the back, causing him to fall down the stairs. In support of the IRR, plaintiff submitted two affidavits of other inmates, each asserting that the affiant observed defendant Clubbs push plaintiff down the stairs.

## **Discussion**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the

3

burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003) (quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998)).

A genuine issue of material fact exists as to whether defendant Clubbs pushed plaintiff down the stairs. Although plaintiff's only affidavit before the Court attests to the accuracy of several exhibits which were never attached, defendants filed plaintiff's IRR which contains the affidavits of two alleged witnesses to the incident, to which plaintiff refers. These affidavits provide a sufficient basis to raise this issue for trial.

Defendants argue that they are entitled to qualified immunity because their conduct "does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, purposely pushing an inmate down a flight of metal and concrete stairs potentially violates the inmate's constitutional right to be free from cruel and unusual punishment or excessive force. At a minimum, there is an genuine issue of fact as to "whether a reasonable official would have known the alleged action indeed violated that right." Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998).

Plaintiff's claims against Larkin, Long, and Wallace fall in a theory of respondeat superior, which is insufficient to allow recovery in a § 1983 action. The complaint identifies defendants Larkin, Long, and Wallace as administrative members of PCC and MDOC at the time of the events at issue, but contains no additional allegations concerning their personal involvement in the events upon which plaintiff's claims are based. Individual liability of government officials under § 1983 must be predicated on "a causal connection between the misconduct complained of and the official sued." Harris v. Pirch, 677 F.2d 681, 685 (8th Cir. 1982), quoted with approval in Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986). Supervisory personnel are not liable absent "direct responsibility for the improper action" or "personal involvement of the officer being sued." Harris, 677 F.2d at 685 (citations omitted).

A supervisor may be found liable for failure to supervise or control his subordinates only where plaintiff establishes his "deliberate indifference or tacit authorization of the offensive acts by failing to take remedial steps following notice of a pattern of such acts by his subordinates." Wilson, 801 F.2d at 322. "In order for a supervisor to be held liable for the acts of a subordinate, something more must be shown than merely the existence of the supervisor-subordinate relationship." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987). Plaintiff asserts that defendants Larkin, Long, and Wallace failed to take corrective

5

action after plaintiff was already injured.  Plaintiff does not assert a subsequent injury or improper action, nor does plaintiff allege any notice prior to the incident.  Absent such allegations, no individual liability can be imposed on defendants Larkin, Long, and Wallace.  The Court will dismiss plaintiff's claims against them.

Furthermore, Defendants Fox, Larkin, Long, Wallace, Turnbough, and Terschluse aver that plaintiff has failed to exhaust all his administrative remedies before filing suit.  Title 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement applies regardless of whether the relief sought by the prisoner is available at the administrative level. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 734 (2001).

However, the Prison Litigation Reform Act's ("PLRA") exhaustion requirement is not a heightened pleading requirement, but an affirmative defense that defendants have the burden to plead and to prove. <u>Jones v. Bock</u>, 127 S.Ct. 910, 921 (2007).  "[T]he degree of specificity required in a prison grievance 'will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of

proper exhaustion.'" Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007) (quoting Jones, 127 S.Ct. at 923).

Plaintiff's "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Id. Although plaintiff's claims against Fox, Larkin, Long, Terschluse, Turnbough, and Wallace arise from the same incident, the IRR, grievance, and grievance appeal do not mention Fox's and Turnbough's alleged efforts to cover up Clubbs's actions, alleged inadequacies of Terschluse's investigation, or Larkin's, Long,'s or Wallace's alleged failure to take corrective action. Consequently, plaintiff has not exhausted his claims against defendants Fox, Larkin, Long, Wallace, Turnbough, and Terschluse.

An inmate's failure to comply with the PLRA's exhaustion requirement as to some, but not all, claims brought in a civil rights action does not warrant dismissal of the entire action; rather, the Court should proceed with the exhausted claims. Jones, 127 S.Ct. at 923-26. The Court will appoint counsel for plaintiff to proceed only on plaintiff's § 1983 claim of cruel and unusual punishment and excessive force against defendant Clubbs.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. #42] is granted in part and denied in part as discussed in the above memorandum.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment [Doc. #46] is denied.

**IT IS FURTHER ORDERED** that, upon reconsideration, plaintiff's several motions for appointment of counsel are granted.

**IT IS FURTHER ORDERED** that **Anthony L. Martin, One City Centre, 15th Floor, 515 North 6th Street, St. Louis, Missouri 63101-1880, (314) 231-3332,** is appointed, pursuant to 28 U.S.C. § 1915(e)(1), to represent plaintiff in this action.

**IT IS FURTHER ORDERED** that the Clerk shall provide appointed counsel with a copy of the complete Court file.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall file an amended complaint against the remaining defendant within thirty (30) days from the date of this order.

Dated this ___3rd___ day of July, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE