```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

DERRICK MCKINZIE,                    )
                                     )
        Plaintiff,                   )
                                     )
        vs.                          )    No. 4:06CV994-DJS
                                     )
SHANNON CLUBBS, et al.,              )
                                     )
        Defendants.                  )

## ORDER

The matter now before the Court is defendant Shannon Clubbs' motion to exclude the report and testimony of plaintiff Derrick McKinzie's expert, Lawrence F. Haefeli [Doc. #81]. The matter has been fully briefed and is ready for disposition.

### Standard of Review

Under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), district courts are to perform a "gatekeeping" function to insure that proffered expert testimony is both reliable and relevant. See, e.g., Penney v. Praxair, Inc., 116 F.3d 330, 333 (8th Cir. 1997); Pestel v. Vermeer Mfg. Co., 64 F.3d 382, 384 (8th Cir. 1995). When assessing the relevance of proposed expert testimony, the Court must determine whether the proposed testimony is "relevant to the issue before the court." Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1298 (8th Cir. 1997). "Expert testimony which does not relate to any issue in the case is not

relevant and, ergo, nonhelpful." Sorensen By and Through Dunbar v. Shaklee Corp., 31 F.3d 638, 647 (8th Cir. 1994) (citation omitted). "When the expert opinions are little more than legal conclusions, a district court should not be held to have abused its discretion by excluding such statements." In re Acceptance Ins. Cos. Sec. Litig., 423 F.3d 899, 905 (8th Cir. 2005). See also United States v. Wintermute, 443 F.3d 993, 1001 (8th Cir. 2006) ("[B]y misconstruing the legal question at issue, the testimony was not relevant. If offered, the expert testimony would have served to confuse rather than assist the jury in the jury's attempt to understand the evidence on this issue.").

**Background**

Plaintiff's second amended complaint contains one count. Plaintiff alleges that he is an inmate, and that defendant Clubbs is a correctional officer, at Potosi Correctional Center. Plaintiff further alleges that on or about August 2, 2005, defendant Clubbs pushed plaintiff in the back while plaintiff was restrained in handcuffs, causing plaintiff to fall down a flight of stairs, in violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff intends to offer the expert opinions of Mr. Haefeli, a retired Assistant Director of the Utah Department of Corrections and a suggested expert in institutional compliance with policies and procedures regarding the proper supervision and

2

handling of prisoners.  However, defendant Clubbs argues that Mr. Haefeli's opinions are not relevant to the issues of the current action.  Defendant Clubbs states that Mr. Haefeli's report opines that: (1) defendant Clubbs caused plaintiff to fall by directing him to walk down the stairs without any assistance; (2) the subsequent investigation of the incident was deficient, biased, and inconsistent with correctional standards of practice; and (3) defendant Clubbs' handling and supervision of plaintiff was unjust and inconsistent with generally accepted correctional standards of practice and was the cause of actual injury to the plaintiff. Defendant Clubbs argues that none of these opinions will assist the finder of fact in making the necessary determinations of plaintiff's Eighth Amendment claim.  Plaintiff, however, argues that Mr. Haefeli offers the opinion that if defendant Clubbs did push plaintiff down a flight of stairs, plaintiff's Eighth Amendment rights were violated.  Further, plaintiff argues that the events plaintiff has alleged did not happen in a vacuum, and that a knowledge of prison policies and procedures would prove helpful to the jury in understanding the operations of Potosi Correctional Center.

**Discussion**

Plaintiff's single cause of action asserts that his Eighth Amendment right to be free of cruel and unusual punishment was violated when he was pushed down a flight of stairs by

defendant Clubbs. The Eighth Amendment prohibition against cruel and unusual punishment "protects prisoners from the 'unnecessary and wanton infliction of pain' by their jailers." United States v. Miller, 477 F.3d 644, 647 (8th Cir. 2007) (quoting Whitley v. Albers, 475 U.S. 312, 319–20 (1986)). "[T]he state of mind necessary to establish cruel and unusual punishment depends on the nature of the claimed constitutional violation. Thus, when correctional officers are accused of using excessive physical force, they act with a wanton state of mind when the force is applied maliciously and sadistically to cause harm." Parkus v. Delo, 135 F.3d 1232, 1234 (8th Cir. 1998). "One acts 'maliciously' by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts 'sadistically' by engaging in extreme or excessive cruelty or by delighting in cruelty." Miller, 477 F.3d at 647 (quoting Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994)).

Accordingly, in this case, there are essentially two questions for the jury: (1) was force applied to plaintiff by defendant Clubbs (i.e., was plaintiff pushed); and (2) if so, did defendant Clubbs have a subjectively wanton state of mind. Considering the elements of plaintiff's case, the Court finds that, even if Mr. Haefeli is qualified and his opinions are reliable, all of the expert testimony proposed by plaintiff is not relevant. That is, none of Mr. Haefeli's opinions will aid the jury in determining whether it was more likely than not likely that

4

defendant Clubbs pushed plaintiff down the stairs, or defendant Clubbs' subjective state of mind at the time of the alleged push. Rather, much of Mr. Haefeli's report deals with plaintiff's disability, and the "correctional standards of practice" in caring for such a disability. Such opinions do not address the ultimate issues in this case, and potentially will confuse the jury by making it seem that a violation of those correctional standards of practice is a violation of the Eighth Amendment. Further, to the extent Mr. Haefeli intends to testify that if plaintiff was pushed, defendant Clubbs violated the Eighth Amendment, such an opinion is little more than a legal conclusion, which is properly excluded.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant Shannon Clubbs' motion to exclude the expert testimony of Lawrence F. Haefeli [Doc. #81] is granted.

Dated this __24th__ day of March, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE